UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-mc-81554-BLOOM/Valle

*In re*
OLGA KURBATOVA,

Applicant.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Credit Suisse AG's ("Credit Suisse") Motion to Vacate the *Ex Parte* Order Granting Discovery under 28 U.S.C. § 1782 and to Quash the Resulting Subpoena ("Motion"), ECF No. [22]. The Court has reviewed the Motion, the opposing and supporting briefs, the record and applicable law, and is otherwise fully advised.

I. **BACKGROUND**

On November 13, 2018, Applicant Olga Kurbatova ("Kurbatova" or "Applicant") filed an Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782 (the "Application") from Credit Suisse AG ("Credit Suisse"). *See* ECF No. [1]. The Application sought the discovery for use in "pending criminal and reasonably contemplated civil proceedings before Swiss courts," related to a "massive criminal scheme" perpetrated by Patrice Lascaudron, a Credit Suisse bank employee. *Id.* at 1. In the Application, which was filed *ex parte*, Kurbatova represented that all of § 1782's statutory requirements had been met and that the discretionary factors also weighed in favor of granting the Application. *See generally*, ECF No. [1]. On November 19, 2018, after considering the information available to it at the time, the Court issued an Order, ECF No. [4] granting the Application and authorizing the subpoena, ECF No. [1-9] (the "Subpoena") for discovery be served upon Credit Suisse (the "Order"). Credit Suisse has now moved to vacate the Order and to quash the resulting Subpoena. ECF No. [22].

## II. LEGAL STANDARD

Section 1782 authorizes, but does not require, federal courts to assist applicants in gathering evidence for use in foreign tribunals. *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1198 (11th Cir. 2016). Whether to grant relief under the statute is up to the court's discretion. *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1271 (11th Cir. 2014). A district court may not grant an application under § 1782 unless four statutory requirements are met:

> (1) the request must be made "by a foreign or international tribunal" or by "any interested person;"
> (2) the request must seek evidence, be it the testimony or statement of a person or the production of a document or other thing;
> (3) the evidence must be "for use in a proceeding in a foreign or international tribunal;" and, finally,
> (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

28 U.S.C. § 1782(a); *see also In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007).

## III. DISCUSSION

In the Motion, Credit Suisse argues that the Application should not have been granted because the Court lacked jurisdiction to issue the Subpoena and that the Subpoena should be quashed because it does not comply with the geographical restrictions imposed by Federal Rule of Civil Procedure 45. ECF No. [22], at 8-10. Credit Suisse also argues that the Court should exercise its discretion and vacate the Order when considering the discretionary factors relating to the issuance of § 1782 discovery, which it contends weigh in its favor. *Id.* at 15-19.

### a. Statutory Requirements

The only § 1782 statutory requirement that is in dispute between the parties is whether Credit Suisse is "found" in this district. Thus, the Court will focus its inquiry solely on this issue. In the Application, Kurbatova argued that Credit Suisse was "found" in this district because it "is

registered to business in Florida and has a physical office here." ECF No. [1], at 13. In the present Motion, however, Credit Suisse argues that it does not have a physical office in this District. ECF No. [22], at 6. The Eleventh Circuit Court of Appeals has yet to comment on the definition of an entity being "found" in this district for the purposes of § 1782. Courts in this district, however, have relied on the Second Circuit Court of Appeals ruling in *In re Edelman*, 295 F.3d 171 (2d Cir. 2002), for persuasive guidance. *See In re Application of MTS Bank*, 2017 WL 3276879, at *5 (S.D. Fla. Aug. 1, 2017) (applying *In re Edelman* in its analysis of whether a 1782 applicant was "found" within this district); *see also In re Application of Inversiones y Gasolinera Petroleos Valenzuela, S. de R.L.*, 2011 WL 181311 (S.D. Fla. Jan. 19, 2011) (same). The Second Circuit in *In re Edelman* held that

> the question of what it means to be found in a particular locale is already the subject of well-settled case law on territorial jurisdiction. In *Burnham v. Superior Court of California,* 495 U.S. 604, 110 S. Ct. 2105, 109 L.Ed.2d 631 (1990) (plurality opinion), the Supreme Court authorized the exercise of personal jurisdiction based on nothing more than physical presence. *See also Kadic v. Karadzic,* 70 F.3d 232, 246–47 (2d Cir.1995) (upholding Southern District's exercise of personal jurisdiction over foreign national served with summons while physically present in Southern District). Given that this so-called tag jurisdiction is consistent with due process, we do not think that § 1782(a), which is simply a discovery mechanism and does not subject a person to liability, requires more. *Cf. First Am. Corp. v. Price Waterhouse LLP,* 154 F.3d 16, 20 (2d Cir.1998) ("[A] person who is subjected to *liability* by service of process far from home may have better cause to complain of an outrage to fair play than one similarly situated who is merely called upon to supply documents or testimony."). It is consistent construction to endow the phrase "or is found" in § 1782 with the same breadth as that accorded it in *Burnham,* 495 U.S. 604, 110 S. Ct. 2105, 109 L.Ed.2d 631.

*In re Edelman*, 295 F.3d at 179. This Court joins the other courts in this district in applying *In re Edelman* to the case at bar. Therefore, in applying the reasoning of the *In re Edelman* decision, the Court finds that if an entity is personally served with a subpoena while physically present in this district (otherwise known as "tag" jurisdiction), that person is "found" within the district for purposes of § 1782.

3

Here, Credit Suisse maintains a registered agent that is located in this district who can accept service of process. Further, Credit Suisse's registered agent was served or "tagged" with the subpoena in this action while in this district. *See* ECF No. [29-2]. Therefore, the Court finds that Credit Suisse was "found" in Florida within the meaning of § 1782. Given that Credit Suisse challenges no other § 1782 requirement, the Court finds that Kurbatova has satisfied all other statutory requirements.

### b. *Federal Rule of Civil Procedure 45*

Once the district court determines that the statutory requirements of § 1782 have been met, it must then also determine whether the requested discovery complies with the Federal Rules. "For example, if the subpoena at issue is directed to a party that resides or is found in the district, same must comply with Fed. R. Civ. P. 45." *In re Chevron Corp.*, 2012 WL 3636925, at *6 (S.D. Fla. June 12, 2012) (citing *In re Application of Inversiones v. Gasolinera Petroleos Vanezuela*, S. De R.L., 2011 WL 181311, at * 6 (S.D. Fla. Jan. 9, 2011)). Pursuant to Rule 45(d)(3), the Court must quash or modify a subpoena that requires a "person to comply beyond the geographical limits specified in Rule 45(c)." Federal Rule of Civil Procedure 45(c) states that a subpoena may only command a person to attend a trial, hearing or deposition or command the production of documents "within 100 miles of where the person resides, is employed, or regularly transacts business." Fed. R. Civ. Pro. 45(c)(1); Fed. R. Civ. Pro. 45(c)(2).

In the Motion, Credit Suisse argues that the Subpoena must be quashed because Credit Suisse has no office in Florida and thus has no employees within the 100-mile radius to engage in the act of production. ECF No. [22], at 10-12. Kurbatova responds that "Section 1782's reach is extraterritorial." ECF No. [29], at 19. However, she concedes that there is a "geographical limitation on Section 1782 discovery concern[ing] 'the location for the act of production.'" *Id.* In

support of its Motion, Credit Suisse has provided an affidavit from its Director of Cross-Border Litigation and Investigations, which provides sworn testimony affirming that it has no employees within the State of Florida. ECF No. [22-1], at 2. Thus, because there is no Credit Suisse employee within a 100-mile radius of the place of production, the Court agrees with Credit Suisse and finds that the Subpoena must be quashed.

### c. Discretionary Factors

While the Court finds that the Subpoena must be quashed given its noncompliance with the geographical restrictions imposed by Federal Rule of Civil Procedure 45, the Court also finds that several of the discretionary factors that relate to § 1782 weigh against the Applicant. "[A] district court's compliance with a § 1782 request is not mandatory." *United Kingdom v. United States*, 238 F.3d 1312, 1319 (11th Cir. 2001). Apart from the statutory requirements of § 1782 having been met, the Court must also apply the four discretionary factors established by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). The *Intel* factors include:

1) whether the respondents are parties in a foreign proceeding;
2) the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign tribunal to assistance from a U.S. federal court,
3) whether the discovery application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States, and
4) whether the request is intrusive or burdensome.

*Id.* at 264-65.

Upon the initial filing of the Application, the Court did not have the benefit of considering Credit Suisse's arguments in opposition relating to the *Intel* factors. Upon reconsideration, the Court finds that many *Intel* factors weigh in Credit Suisse's favor.

As to the first *Intel* factor, "whether the respondents are parties in a foreign proceeding," the Supreme Court has held that the need for § 1782 aid is "generally not as apparent" when the

5

subpoena targets parties to the foreign proceeding." *Id.* at 264. "[Section] 1782 discovery is more likely to be justified when the person from whom the discovery is sought is not a participant in the prospective foreign proceeding because nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *In re Application of Bracha Found.*, 663 F. App'x 755, 764–65 (11th Cir. 2016). In her Response to the Motion, Kurbatova argues that the discovery sought is unobtainable in the foreign litigation and thus this factor actually weighs in her favor. ECF No. [29], at 8-10. The Court finds this argument to be unavailing. Here, it is undisputed that Credit Suisse is a participant in the foreign proceedings. Therefore, Credit Suisse is surely within the foreign tribunal's jurisdictional reach and the evidence sought is not necessarily unobtainable absent § 1782(a) aid.

As to the second *Intel* factor relating to the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," neither party has presented argument advocating whether this factor weighs in their favor. Thus, for the purposes of this analysis, the Court views this factor as neutral to both parties.

As to the third *Intel* factor, and most concerning to this Court, "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," the Court finds that this factor weighs strongly in Credit Suisse's favor. Kurbatova's submissions to this Court are replete with admissions that she has "tried repeatedly and unsuccessfully to obtain much of the discovery sought here." ECF No. [29], at 15. In the Motion, Credit Suisse argues that Kurbatova's admitted failed attempts to obtain this discovery in the foreign proceedings is evidence that the Application is truly an "improper end-

run around the Swiss Courts." ECF No. [22], at 17. Kurbatova, however, argues that the Court should not view her failed attempts to obtain the discovery as an "end-run," but rather as further support for why such aid is needed. ECF No. [29], at 14-15. The Court, however, is hesitant to utilize its broad discretion afforded to it by § 1782, where it appears that the Applicant is attempting to obtain discovery that she was already denied by the foreign tribunal.

Finally, as to the last *Intel* factor, whether the request is otherwise "unduly intrusive or burdensome," the Court also finds that this factor weighs in Credit Suisse's favor. After a review of the Subpoena, Kurbatova has requested the broadest possible scope of documents as it may relate to the foreign proceedings. In the Motion, Credit Suisse argues that the fourth factor weighs in its favor because the discovery sought is otherwise unduly burdensome and intrusive. ECF No. [22], at 19. After a review of the Subpoena and given the scope of the discovery sought, the Court agrees that this factor weighs in Credit Suisse's favor.

The Court initially granted the *ex parte* Application without the benefit of Credit Suisse's arguments or objections. Now, after a reconsideration of the *Intel* Factors, the Court agrees that many of the discretionary factors weigh in Credit Suisse's favor. Therefore, the Court shall not elect to exercise its broad discretion in permitting the discovery to proceed and finds a good basis exists to vacate the Order and to quash the Subpoena.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [22]**, is **GRANTED**.
2. The Order, **ECF No. [4]**, is **VACATED.**
3. The Subpoena, **ECF No. [1-9]**, issued and served upon Credit Suisse shall be **QUASHED**.

Case No. 18-mc-81554-BLOOM/Valle

4. The above-styled case shall remain **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 17th day of May, 2019.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record